**Bernard BLOCH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14266.**

United States Court of Appeals
Ninth Circuit.

June 14, 1955.

Wade Church, Phoenix, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., Robert S. Murlless, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before BONE and POPE, Circuit Judges, and MURRAY, District Judge.

PER CURIAM.

The United States has petitioned for a rehearing in this case and introduces its petition by confessing prejudicial error resulting from the prosecutor's cross-examination of appellant concerning illegal operations, fees received from such operations, illicit relations with a named woman, and denial of a medical license. These are the questions to which our opinion alluded in connection with the discussion of appellant's second specification of error. The Government then suggests that since it concedes that a reversal of the appellant's conviction is proper, we should reexamine what we had to say upon the instruction concerning willfulness which we held was plain error and which constituted the basis for our judgment of reversal. The argument is that our views about that instruction are not in line with what this court held in Bateman v. United States, 9 Cir., 212 F.2d 61, 70. It is urged that our decision here is contrary to the decision in the Bateman case where a similar instruction was said not to be prejudicially erroneous when viewed with due regard to the "instructions considered as a whole."

Subsequent to our opinion in this case, another division of this court handed down its opinion in Legatos v. United States, 9 Cir., 222 F.2d 678, which followed the Bateman case. There a similar instruction had been given and the court said, as in the Bateman case, "It is our conclusion that, *considered as a whole* the Court's instructions on intent and willfulness clearly and correctly stated the law, and were not such as to mislead the jury." (Emphasis added.)

We note also the case of Berkovitz v. United States, 5 Cir., 213 F.2d 468, to which our attention had not been called at the time our opinion was filed.[1] The court there expressly disapproved and held erroneous an instruction not to be distinguished from the one which met with our disapproval in this case. We think that it may fairly be said that no case may be found where any court has specifically approved an instruction such as that involved here. It is obvious that since the decision in Morissette v. United

---

1. The Government has also neglected to cite that case in its petition for rehearing.

States, 342 U.S. 246, 72 S.Ct. 240, 96 L. Ed. 288, it would be impossible for any court to give that instruction its approval.

As we read the Bateman and the Legatos cases, supra, we think that in substance what was there held is that in view of the additional instructions given in those particular cases, the instruction there under attack would not be held prejudicially erroneous. But each case presents a problem by itself. We are not called upon here to express our views as to whether this obviously questionable language was or was not prejudicially erroneous when read in the context of all the other instructions given in the Bateman and the Legatos cases. All that we have held here is that the language of the court criticized was in and of itself erroneous, and in this particular case its prejudicial effect was not cured by the other instructions given.

▮ The instruction with which we are concerned goes to the intent, an essential element of the offense. This is not a case of instructions which are merely ambiguous or confusing or where conflicting instructions deal only with incidental matters in the trial. As stated in Bollenback v. United States, 326 U.S. 607, 613, 66 S.Ct. 402, 405, 90 L.Ed. 350, "A conviction ought not to rest on an equivocal direction to the jury on a basic issue." It is with that in mind that we have come to the conclusion that in this particular case, in the light of the specific instructions here given, we cannot say as was said in Bateman and Legatos that the instruction here involved was not prejudicially erroneous.

We therefore find it unnecessary to express any opinion as to whether the court as now constituted would or would not agree with the conclusions reached in Bateman and Legatos; we decide only upon the facts involved in the case before us. Since we find no occasion to express either agreement or disagreement with the decisions in Bateman and Legatos, we find no occasion to recommend, as we might otherwise do, that the present case be reheard before the court sitting en banc.

The petition for a rehearing is denied.