**Donald WHEELDIN, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 16912.

United States Court of Appeals
Ninth Circuit.

Oct. 17, 1960.

Rehearing Denied Dec. 8, 1960.

A. L. Wirin, Fred Okrand, Los Angeles, Cal., Robert J. Schmorleitz, North Hollywood, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Meyer Newman, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and BOWEN, District Judge.

PER CURIAM.

Defendant appeals his conviction for contempt of Congress. He was charged with wilfully failing to respond to a subpoena to appear at Los Angeles at a hearing of the House Un-American Activities Committee. See 60 Stat. 812, 828–829, and 2 U.S.C.A. § 192.

■ Generally, we affirm the conviction on the authority of Barenblatt v. United States, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115.

One point which is made is that Wheeldin didn't have the requisite wilfulness to sustain conviction. He thought he had the right to lay down conditions in advance on which he would appear before the Committee.

■ We are concerned here with the misdemeanor statute. In such a frame, we would hold evil intent is not necessary, and that a deliberate and conscious intent to disobey the subpoena is all that is needed. We find the holdings in Murdock v. United States, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381, and Bloch v.

United States, 9 Cir., 221 F.2d 786, and 223 F.2d 297, are not controlling.

While it is not our function to review sentences, still we must record that the defendant was given a sentence of only thirty days and fined one hundred dollars. To us, the showing for an in forma pauperis appeal was rather weak. But Wheeldin was permitted to appeal with the taxpayers beneficently furnishing transcripts for this court at a cost to the government of $589. Also, the United States Attorney must have had some costs for a transcript.

If the Committee exceeds its powers, the courts will protect the individual, but here the trial court thought the Committee acted lawfully. How the Committee can operate under the circumstances of witnesses suing the United States Marshal for serving the subpoena (see Wheeldin v. Wheeler et al., 9 Cir., 280 F.2d 293) and no higher penalty is inflicted than was done here, it is difficult to see.

We find no error, and the judgment of conviction is affirmed.