**JANICE LEATHER IMPORTS LTD., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**JANICE LACE CO., INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**JANICE INTERNATIONAL, LTD., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. 73 Civ. 807, 73 Civ. 808, and 73 Civ. 809.**

United States District Court, S. D. New York.

July 19, 1974.

Meltzer & Fishman, New York City, for plaintiffs by Stanley F. Meltzer, New York City, of counsel.

Paul J. Curran, U. S. Atty., for defendant by William R. Bronner, Asst. U. S. Atty., of counsel.

KEVIN THOMAS DUFFY, District Judge.

■ These are motions for summary judgment [1] made by the defendant, United States of America, in three related actions brought by plaintiff corporations for refund of penalties for late filing of quarterly withholding income tax returns for the calendar year 1970. All parties admit that administrative remedies have been exhausted.

In the years between 1940 and 1964, Nathan Leffeld formed three close corporations: Janice Lace Co., Inc., Janice Leather Imports, Ltd., and Janice International, Ltd. the plaintiff in these three actions. During the year 1965, Mr. Leffeld, who was until then sole owner of plaintiff corporations, sold one-third of "the business" to a junior executive, one Herbert Sussman.

In 1969, Mr. Leffeld suffered a severe heart attack and had to curtail sharply his normal business activities, with the result that Mr. Sussman, as Vice-President, took over control of the business of the three corporations. Up until this point for a number of years, one Marilyn Minton was the "Comptroller" and main bookkeeper of the plaintiff corporations. One of her duties was to maintain the books and records pertaining to withholding taxes and Social Security

---

1. For some reason the government has denominated its motions in the alternative for judgment on the pleadings under Rule 12(b)(6) or for summary judgment under Rule 54, Fed.R.Civ.P. The government relies heavily on the deposition of Mr. Nathan Leffeld, president of plaintiff corporations, in making these motions. Accordingly, the motions are deemed to be motions for summary judgment.

taxes. For years she prepared tax returns for payment of these taxes. The returns would then be signed by Mr. Leffeld, or, in his absence, by Mr. Sussman. Prior to 1970, plaintiff corporations had never been delinquent in the payment of their taxes.

Late in 1970, Mr. Leffeld, on the advice of his outside accountants, returned to the office "because of business conditions". Upon his return or shortly thereafter, Mr. Leffeld discovered that Miss Minton had apparently embezzled an amount in excess of $13,000.00 during Mr. Leffeld's illness, and that Mr. Sussman had taken "substantially" greater sums. Apparently in an attempt to conceal their embezzlement no withholding tax returns were made for the year 1970. After his return Mr. Leffeld discovered the failure to file the tax returns and he filed them, paying the penalty assessed.

Section 6651, Title 26 U.S.C. provides in relevant part:

"§ 6651. Failure to file tax return

(a) Addition to the tax.—In case of failure—

(1) to file any return required . . . on the date prescribed therefor . . . unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate."

It is the position of the government that the actions of Mr. Sussman and Miss Minton in failing to file the appropriate tax returns was the result of a conscious scheme or design by them to cover the fact that they were "looting" plaintiff corporations. The plaintiff corporations contend that the law requires "willfulness" on the part of the corporations before any penalty can be assessed for late filing and that the facts thus far adduced are insufficient to prove such "willfulness" so as to render the matter subject to summary judgment. In effect the plaintiffs would have this Court set a standard of "willfulness" for the failure of a corporation to file a tax return on time, higher than that required for a jury to convict a corporation of filing a false tax return.

In criminal tax law "willfully" is often defined thus:

"An act or failure to act is 'willfully' done if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law." E. J. Devitt and C. B. Blackmar, Federal Jury Practice and Instructions, § 52.-05 (1970). See also Ingram v. United States, 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503, reh. denied, 361 U.S. 856, 80 S.Ct. 42, 4 L.Ed.2d 96 (1959); Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943); Bloch v. United States, 221 F.2d 786 (9th Cir.), reh. denied, 223 F.2d 297 (1955).

Here there can be no denying that the plaintiff corporations acted or rather failed to act through duly authorized agents: Mr. Sussman, the Vice-President, and Miss Minton, the Comptroller of the corporations. And under even the strictest of definitions this failure was "willful".

It may be true that Mr. Leffeld, the owner of the plaintiff corporations, feels doubly cheated, first by the "looting" of the corporations by his associates and, second, by the imposition of the late filing penalties for the withholding of tax returns caused by the coverup of the illegal activities of his associates. I can well understand his moral outrage at what seems a terrible anomaly to him, but he chose the corporate form of doing business and therefore must accept the law as it is applied to corporations. *Cf.*

Mercu-Ray v. Bristol-Myers Co., 392 F. Supp. 16, (S.D.N.Y.1974). The statutes are also clear that the "late filing penalty" was properly imposed in this case. These statutes may not be changed by this Court.[2]

The motions for summary judgment dismissing the complaint in all three cases will therefore be granted.

So ordered.

---

2. The relief sought by plaintiff corporations can only be obtained by a "Private Bill" enacted by the Congress and signed by the President.