ESTATE OF ANTOINETTE WERNER, DECEASED, THOMAS L. CLINTON, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Werner v. Commissioner
Docket No. 11879-87.
United States Tax Court
T.C. Memo 1989-54; 1989 Tax Ct. Memo LEXIS 53; 56 T.C.M. (CCH) 1206; T.C.M. (RIA) 89054; February 7, 1989. B. R. Tongren, for the petitioner. Donna C. Hansberry, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent, in a notice of deficiency dated March 31, 1987, determined a deficiency *54 in estate tax in the amount of $ 11,941.59 and an addition to tax under section 6651(a)(1) [1] in the amount of $ 14,168.95. This case was submitted fully stipulated under Rule 122, and respondent, in the joint stipulation of facts, conceded the $ 11,941.59 deficiency in estate tax. There remains for our consideration the sole issue [2] of whether petitioner is liable for the addition to tax under section 6651(a)(1). *55 Decedent, Antoinette Werner, was a resident of Illinois on December 10, 1983, the date of her death. Thomas L. Clinton,(Clinton), was named and appointed executor of decedent's estate. Clinton resided in Peotone, Illinois, at the time the petition was filed. The Federal Estate Tax Return (Form 706) was due September 10, 1984, and was filed November 26, 1984. No extension of time to file had been requested or granted. During the audit process, the legal representative of the estate sent a letter to respondent advising of the reasons why the addition to tax for late filing (section 6651(a)(1)) should not be applied. At both the time the Form 706 was due to be filed and when it was actually filed, the estate representatives were unaware that decedent had deeded a 140-acre farm to Carl H. and Martha Stassen in 1969 and had retained the right to receive the income for life. There was no indication in the deed that an income interest had been retained by decedent. Apparently, decedent's retention of a lifetime income interest was not committed to writing and was oral. [3] Without inclusion of the 140-acre farm, no estate tax would have been due. Additionally, decedent, who was *56 95 years old when she died, left $ 1,043,462.61 of her estate (the gross estate without considering the 140-acre farm was $ 1,173,895.43) to various churches. Therefore, because the representatives did not believe any estate tax was due, they did not seek an extension of the time within which to file the Form 706. Further, due to their belief, the representatives did not file the return until 2 months and 16 days after the due date. During the audit process the retained income interest in the 140-acre farm was discovered and it generated the majority of an estate tax deficiency of $ 82,518.07 [4] to which the estate agreed during the administrative portion of this matter. *57 Petitioner, relying on the language of section 6651(a)(1) [5] argues "that if the late filing of a tax return is not due to 'willful neglect' and is due to reasonable cause, no penalty should be [sustained]." Petitioner refers us to law dictionary definitions of the words "willful" and "neglect," which in essence translate into an "intentional failure to do a thing." Petitioner asserts that "there may have been some neglect in the late filing" but there was "no 'willful' neglect." Respondent argues that even though petitioner's representatives believed that no estate tax was due, section 6018 [6] requires an estate tax return be filed in all cases where the gross estate exceeds $ 275,000, as it did in this case with or without *58 inclusion of the retained interest in the 140-acre farm. Additionally, section 6075(a) requires that "Returns made under section 6018(a) * * * shall be filed within 9 months after the date of the decedent's death." Accordingly, the parties' difference centers upon whether the failure to file the estate tax return timely was not due to willful neglect and was due to reasonable cause. These two standards have been discussed in case law over a 70-year period and were recently defined by the Supreme Court, as follows: As used here, the term "willful neglect" may be read as meaning a conscious, intentional failure or reckless indifference. See Orient Investment & Finance Co. v. Commissioner,83 U.S. App. D.C. 74, 75, 166 F.2d 601, 602 (1948); Hatfried, Inc. v. Commissioner,162 F.2d 628, 634 (CA3 1947); Janice Leather Imports Ltd. v. United States,391 F. Supp. 1235, 1237 (SDNY 1974); *59 Gemological Institute of America, Inc. v. Riddell,149 F. Supp. 128, 131-132 (SD Cal. 1957). Like "willful neglect," the term "reasonable cause" is not defined in the Code, but the relevant Treasury Regulation calls on the taxpayer to demonstrate that he exercised "ordinary business care and prudence" but nevertheless was "unable to file the return within the prescribed time." [Fn. ref. omitted] 26 CFR [Sec.] 301.6651(c)(1) (1984); accord, e.g. Fleming v. United States,648 F.2d 1122, 1124 (CA7 1981); Ferrando v. United States,245 F.2d 582, 587 (CA9 1957); Haywood Lumber & Mining Co. v. Commissioner,178 F.2d 769, 770 (CA2 1950); Southeastern Finance Co. v. Commissioner,153 F.2d 205 (CA5 1946); Girard Investment Co. v. Commissioner,122 F.2d 843, 848 (CA3 1941) * * *. [United States v. Boyle,469 U.S. 241, 246-247 (1985).] Petitioner "bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" Sec. 6651(a)(1); United States v. Boyle,469 U.S. at 245. *60 [7]
For the following reasons, we disagree with petitioner. Petitioner's representatives were aware that an estate tax return was due to be filed on September 9, 1984, and they intentionally filed it November 26, 1984, 2 months and 16 days late. The assumption had been made that there would be no taxable estate because the bulk of the known estate was being contributed to charitable organizations. Although it would be difficult to label this situation as one where the representatives acted with "reckless indifference," their failure to file was intentional. Section 6075, in conjunction with section 6018, requires the filing of an estate tax return on a date certain where the gross estate exceeds a statutorily established dollar threshold. Here, even though the vast majority of the known gross estate was to be contributed to charities thereby eliminating *61 the payment of estate tax, the gross estate was more than four times the minimum statutory threshold for filing a return. The representatives of the estate knew of the obligation to timely file, but believed that no tax would be due. Accordingly, they risked the chance that the Internal Revenue Service might not accept the estate tax return to be correct, as filed. The estate representatives had the option of seeking an extension of time within which to file as a means of avoiding an addition to tax under section 6651, but instead, they took the risk that their assumption was correct. Unfortunately, they were incorrect in their assumption and additional property interests were discovered which generated an additional estate tax liability upon which an addition to tax could apply. The representatives of decedent's estate were presumptuous in their assumption. Although the increased estate tax arose from unanticipated circumstances, there is no way that one can be fully assured that the Internal Revenue Service will not successfully question data reported on tax returns. We find no evil in the actions of those involved -- but they consciously took a chance and lost. We find *62 that the late filing of the estate tax return in question to be intentional and without reasonable cause. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Section references are to the Internal Revenue Code of 1954 as amended and in effect at the date of the decedent's death. Rule references are to this Court's Rules of Practice and Procedure. ↩
2. Petitioner, on brief, argued that respondent, in correspondence (which was attached to petitioner's brief and not stipulated) prior to the issuance of the notice of deficiency, had agreed to petitioner's explanation as being reasonable cause. We do not address that issue in this opinion for two reasons: (1) The evidence upon which the argument is based is not a part of the stipulated record agreed to by the parties and formally received as a completed case submission by the Court; and (2) even if the evidence were received, ordinarily the parties are not entitled to look behind the notice of deficiency to examine the administrative actions, motives or policies of respondent. Raheja v. Commissioner,725 F.2d 64, 66 (7th Cir. 1984); Proesel v. Commissioner,73 T.C. 600, 605 (1979); Greenberg's Express v. Commissioner,62 T.C. 324, 327 (1974); Suarez v. Commissioner,58 T.C. 792, 813↩ (1972).
3. Neither party addressed the question of whether such an agreement was legally binding or whether the answer to this question would have an effect on the includability of the interest in decedent's gross estate. Because this case was submitted fully stipulated, we assume that the parties did not intend to raise these questions.↩
4. Respondent, prior to the notice of deficiency, asserted an additional estate tax liability, from the amount reported, of $ 94,518.07. Petitioner agreed to an additional liability of $ 82,518.07, most of which represented the retained income interest in the farm. The deficiency determined by respondent in the notice of deficiency ($ 11,941.59) has been conceded by respondent and the addition to tax for late filing with respect to the $ 82,518.07 agreed additional estate tax liability remains in dispute.↩
5. Sec. 6651(a)(1), in pertinent part, provides, as follows: (a) ADDITION TO THE TAX. -- In case of failure -- (1) to file any return required under authority of subchapter A * * *, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return [5 percent of the amount of such tax for each month of such failure, not to exceed 25 percent].↩
6. Sec. 6018(a)(1), in pertinent part, provides, as follows: (a) RETURNS BY EXECUTOR. -- (1) CITIZENS OR RESIDENTS. -- In all cases where the gross estate at the death of a citizen or resident exceeds $ 275,000, the executor shall make a return with respect to the estate tax imposed by subtitle B.↩
7. Petitioner, on brief, focuses upon both standards, whereas, respondent's brief presents argument couched in terms of "reasonable cause." Respondent does not expressly argue that the actions of the estate fiduciary or representative constituted "willful neglect," but merely focused upon the "reasonable cause" standard.↩