JOSEPH MICHAEL ROTHERHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rotherham v. Commissioner
Docket Nos. 24041-89, 19254-90[1]
United States Tax Court
T.C. Memo 1992-271; 1992 Tax Ct. Memo LEXIS 295; 63 T.C.M. (CCH) 2971; May 12, 1992, Filed *295 Decisions will be entered under Rule 155. Joseph Michael Rotherham, pro se. Michael W. Bitner, for respondent. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, by means of two notices of deficiency, determined that petitioner had deficiencies in Federal income tax and additions to tax as follows: Additions To Tax [1]
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(1)(A)
1984
$ 4,693
$ 717.25
$ 234.65
--  1985
2,581
238.50
129.05
--  1986
4,446
565.00
--  $ 222.30
1987
6,476
1,036.00
--  368.00
All section references are to the Internal Revenue Code as amended and in effect for the tax years in issue, and all Rule references *296 are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The issues remaining in controversy concern petitioner's entitlement to various employee business expenses [2] and whether he is liable for various additions to tax for failure to file, negligence, failure to pay estimated tax, and substantial understatement. FINDINGS OF FACT The *297 parties stipulated facts and exhibits, all of which are incorporated by this reference. At the time his petitions were filed, petitioner's legal residence was at Riverton, Illinois. Petitioner's 1984, 1985, 1986, and 1987 Federal income tax returns were received by a service center of respondent on September 19, 1989, September 20, 1989, September 20, 1989, and October 10, 1989, respectively. During 1980, petitioner became divorced at a time when he had been living in Houston, Texas. Petitioner, at that time, had a child from a former marriage and several stepchildren from his second marriage living in the marital residence. After the divorce, petitioner moved out, taking very few of his personal belongings. He continued to work various construction jobs and did not have the records to file his 1980 return. After that, petitioner simply failed to file returns until respondent caught up with petitioner, at which time petitioner reconstructed returns and filed them with respondent. The dispute here involves petitioner's entitlement, if any, to deductions in connection with his employment. During 1983, petitioner moved to Portland, Oregon, where his sister resided. He maintained *298 a home in the Portland area for his child and first wife, from whom he was divorced at the time. Thereafter, petitioner moved that household to the San Francisco area. Although the household was moved four times after Portland, the general location of the various moves was in and around San Francisco. The duration and locations of petitioner's residences and work sites, and the distances between them during the years in issue, were as follows: Residence
Period
Work Site
Period
Distance
(miles)
Portland
1/1 to 5/15/84
Richmond
1/1 to 5/15/84
700
San Rafael
5/16 to 6/1/84
Richmond
5/16 to 6/10/84
20
Novato
6/1/84 to 6/1/85
Martinez
6/10 to 8/31/84
50
Lovelock
9/1 to 9/21/84
350
Richmond
10/1 to 11/1/84
20
Benicia
11/15 to 12/15/84
50
Richmond
1/1 to 1/30/85
20
Fremont
2/1 to 2/28/85
80
Sunnyvale
3/1 to 4/30/85
80
Eureka
5/1 to 5/30/85
300
Vacaville
6/1/85 to 6/1/86
Sacramento
6/1 to 7/1/85
50
Tracy
7/1 to 7/21/85
100
Sacramento
7/21 to 8/15/85
50
Mt. View
8/22 to 8/30/85
100
Pittsburg
10/15 to 12/20/85
50
Sacramento
1/1 to 1/15/86
50
Pittsburg
1/16 to 2/1/86
50
Richmond
2/1 to 4/15/86
50
Santa Clara
4/15 to 7/30/86
110
Suisan
6/1/86 to 4/1/87
Pittsburg
10/1 to 12/20/86
50
Eureka
1/1 to 1/15/87
350
Newport B.
1/15 to 5/30/87
400
Fairfield
4/1 to 12/31/87
Stockton
6/1 to 8/15/87
60
Pittsburg
8/15 to 8/22/87
50
Benicia
8/22 to 11/22/87
30
Pittsburg
11/26 to 12/31/87
50
*299 During the period 1984 through 1987, petitioner was variously employed by different employers in numerous locations as a pipefitter, boilermaker, welder, and iron worker. Petitioner was not employed by any employer for more than 8 months and, even when employed by the same employer, he was required to go to different projects. In other words, he was hired for each project, rather than as a long-term employee of each employer. During the 4 taxable years in issue, petitioner was employed at various times by 15 different employers. Usually, the duration of a particular job, or project, would be 1 month or less. Petitioner variously reported his income and deductions as an employee and/or as a self-employed construction worker. In some years he had both a Schedule C, Form 1040 (Profit or (Loss) From Business or Profession), and Form 2106 (Employee Business Expenses). The parties agree concerning the amount of income petitioner earned in each year; the controversy here involves the amount of deductions to which petitioner is entitled. Respondent allowed no deductions, neither employee nor business, for petitioner. Petitioner was engaged in temporary employment and away from home *300 for 140 days during 1984, 55 days during 1985, 70 days during 1986, and 110 days during 1987. Petitioner had employee business travel, by motor vehicle, while away from home as follows: 8,400 miles during 1984; 2,000 miles during 1985; 2,860 miles during 1986; and 5,500 miles during 1987. The standard per mile rates for employee travel were: 20.5 cents for 1984, 21 cents for 1985-86, and 22.5 for 1987. Petitioner failed to offer any records substantiating his expenses while away from home. Petitioner incurred employee business expenses for welding supplies and related materials in the amount of $ 500 in each of the 4 years 1984, 1985, 1986, and 1987. OPINION Petitioner's initial approach was to argue that certain of his expenses were business expenses and certain were employee expenses. Although there may be different treatment of such expenditures for tax purposes, respondent's argument is that it makes no difference because petitioner has failed to prove or substantiate his claimed deductions. Due to the different standards for different categories of deductions under consideration, we address them separately. Commuting Expenses
Petitioner claimed deductions for *301 all of his travel mileage. Petitioner's claims included mileage while away from home and mileage for daily trips between his home and employment. Initially, we point out that petitioner's daily mileage between his home and employment is considered commuting or a personal living expense. See sec. 262; Commissioner v. Flowers, 326 U.S. 465 (1946). On occasions where petitioner was not away from home, his travel costs between his home and employment were for personal reasons and of his own choosing. Kasun v. United States, 671 F.2d 1059, 1061 (7th Cir. 1982). Accordingly, no amounts are allowable for those instances where petitioner traveled daily between his home and employment. Travel and Away From Home Expenses
Petitioner was generally away from home on occasions where the one-way distance between his home and employment was 100 miles or more. Petitioner provided adequate evidence of the dates, locations, and distances for each of these occasions, but petitioner provided nothing but his statement and summary notes for trial in support of claimed meals and lodging for the away from home trips. Although away from home travel in *302 connection with an employee's business may be deductible, see sec. 162(a)(2), section 274(d)(1) provides that: No deduction or credit shall be allowed * * * under section 162 * * * for any traveling expense (including meals and lodging while away from home) * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense * * * [and] (B) the time and place of the travel * * * Section 274 has been regularly adhered to by the courts, and the regulations under section 274 have been found to be valid. See, e.g., Sanford v. Commissioner50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Petitioner has substantiated his deductible mileage by corroborating evidence. Accordingly, he is entitled to mileage deductions as follows: 8,400 miles during 1984; 2,000 miles during 1985; 2,860 miles during 1986; and 5,500 miles during 1987. The standard per mile rates for employee travel were: 20.5 cents for 1984; 21 cents for 1985-86; and 22.5 cents for 1987. The following schedule reflects the deductible amounts for each year: Year
Business Miles
Rate
Deduction
1984
8,400
.205
$ 1,722
1985
2,000
.21
420
1986
2,860
.21
601
1987
5,500
.225
1,237
*303 Since petitioner has failed to offer any substantiation or corroboration for his admitted estimates of meals and lodging, we are compelled to sustain respondent's determination concerning those items. Employee Nontravel Expenses
Petitioner claimed various amounts for materials, supplies, clothing, and other items related to his employment. Here again, petitioner provided only limited amounts of evidence concerning these items. For the most part, his evidence consisted of his testimony and summaries thereof. This deduction is not limited by the requirements of section 274 and petitioner has shown sufficient evidence for us to find that he incurred some expenses in connection with his work. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). We have considered petitioner's claims and hold that he had incurred $ 500 in each of the 4 taxable years under consideration. Additions to Tax
Respondent determined additions to tax for failure to file, negligence, failure to pay estimated tax, and substantial understatement. Petitioner bears the burden of proof with respect to such determinations. Rule 142(a); Clayden v. Commissioner, 90 T.C. 656, 677 (1988); *304 Abramo v. Commissioner, 78 T.C. 154, 162-164 (1982). We discuss the negligence, sec. 6653(a), and the failure to file, sec. 6651(a)(1), additions to tax provisions together because of the factual coincidence underlying them in these cases. Section 6653(a)(1) provides that if any part of an underpayment of income tax is due to negligence or the intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the entire underpayment plus 50 percent of the interest payable with respect to the portion of the underpayment attributable to the taxpayer's negligence, or his intentional disregard of the rules and regulations. Negligence within the meaning of section 6653(a) has been defined as the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Taxpayers have a statutory duty to timely file their income tax returns, sec. 6072(a), and the breach of this duty may be sufficient evidence of negligence. See Emmons v. Commissioner, 92 T.C. 342 (1989), affd. 898 F.2d 50 (5th Cir. 1990). *305 Ordinarily, a reasonable and prudent person would comply with a statutorily prescribed deadline. The failure to file addition to tax is applicable unless it can be shown that the failure to file a tax return was not due to willful neglect and was due to reasonable cause. These two standards have been discussed in case law over a 70-year period and were defined by the Supreme Court as follows: As used here, the term "willful neglect" may be read as meaning a conscious, intentional failure or reckless indifference. See Orient Investment & Finance Co. v. Commissioner, 83 U.S.App.D.C. 74, 75, 166 F.2d 601, 602 (1948); Hatfried, Inc. v. Commissioner, 162 F.2d 628, 634 (CA3 1947); Janice Leather Imports Ltd. v. United States, 391 F.Supp. 1235, 1237 (SDNY 1974); Gemological Institute of America, Inc. v. Riddell, 149 F.Supp. 128, 131-132 (SD Cal.1957). Like "willful neglect," the term "reasonable cause" is not defined in the Code, but the relevant Treasury Regulation calls on the taxpayer to demonstrate that he exercised "ordinary business care and prudence" but nevertheless was "unable to *306 file the return within the prescribed time." 26 CFR § 301.6651(c)(1) (1984); accord, e.g., Fleming v. United States, 648 F.2d 1122, 1124 (CA7 1981); Ferrando v. United States, 245 F.2d 582, 587 (CA9 1957); Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 769, 770 (CA2 1950); Southeastern Finance Co. v. Commissioner, 153 F.2d 205 (CA5 1946); Girard Investment Co. v. Commissioner, 122 F.2d 843, 848 (CA3 1941) * * * [United States v. Boyle, 469 U.S. 241, 245-246 (1985); fn. ref. omitted.] Petitioner "bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" United States v. Boyle, supra at 245 (quoting sec. 6651(a)(1)). Petitioner became divorced during the 1979-80 period. He contends either that his papers for filing a return were left at his former residence with his estranged wife, or that his constant moving caused the Forms W-2 or 1099 to be lost or misplaced. Petitioner's argument would be more plausible if he had begun filing at *307 some reasonable interval after his divorce or separation, but he merely neglected his acknowledged responsibility to keep adequate records and to file a Federal income tax return. This is especially so where petitioner maintained a household with his divorced wife during all 4 years under consideration. We, therefore, hold that petitioner is liable for the additions to tax under sections 6651(a)(1), 6653(a)(1) and (2), and 6653(a)(1)(A) and (B). Respondent also determined an addition to tax for substantial understatement of tax under section 6661 for the 1987 taxable year. Section 6661 provides a 25-percent addition to tax if there is a substantial understatement of Federal income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown for the taxable year or $ 5,000. An understatement does not include an amount attributable to "the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment". Sec. 6661(b)(2)(B)(i). Additionally, an understatement does not include any item for which there was adequate disclosure. Sec. 6661(b)(2)(B)(ii). Petitioner does not argue that there was *308 adequate disclosure in these cases. Additionally, petitioner has not argued that the addition should be waived or that respondent has abused her discretion in failing to waive it. Therefore, the substantial understatement addition is applicable for the 1987 taxable year if the threshold understatement is exceeded. Such a determination will be made in connection with the Rule 155 computations. Finally, respondent determined an addition under section 6654 for failure to pay estimated tax for 1984. That addition would appear to have been applicable only to the extent that there is an underpayment of tax for 1984. That matter is also left for the parties' computation under Rule 155. To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. These cases are consolidated for purposes of trial, briefing, and opinion.↩
1. Respondent also determined a $ 1,036 addition to tax for 1987 under sec. 6661 and a $ 152 addition under sec. 6654 for 1984. For the taxable years 1984 and 1985, an addition was determined under sec. 6653(a)(2). For the taxable years 1986 and 1987, an addition was determined under sec. 6653(a)(1)(B).↩
2. At trial respondent also argued that irrespective of whether petitioner could otherwise prove entitlement to the employee expenses in question, he was disqualified from claiming them because he did not have a home for tax purposes. On brief, respondent conceded that petitioner has a home for tax purposes. Respondent also admitted error concerning the amount of petitioner's wages for 1987. Respondent concedes that petitioner's wages for 1987 are $ 34,334, as reported on petitioner's 1987 return, a difference of $ 2,743 from the amount determined by respondent. Petitioner concedes that he had $ 218 of additional income which he had not reported for 1987.↩