15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Seffatollah SARMADI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1993.*
Decided Dec. 27, 1993.
 
 1
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Sarmadi petitions for review of the order of the Board of Immigration Appeals (the "BIA") affirming the immigration judge's determination that he was deportable under 8 U.S.C. Sec. 1251(a)(4) for his conviction for crimes involving moral turpitude. Sarmadi argues that the Immigration and Naturalization Service ("INS") failed to carry its burden under Sec. 1251(a)(4) to show that the crimes did not arise out of a single scheme of criminal conduct. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). The petition for review is denied.
 
 
 4
 Sarmadi is a citizen and national of Iran who became a legal permanent resident of the United States on September 12, 1983. On April 17, 1985, Sarmadi was convicted in the Superior Court of the state of Washington in King County of two counts of indecent liberties, in violation of Wash.Rev.Code Sec. 9A.44.100(1)(b). Sarmadi was issued an Order to Show Cause and Notice of Hearing on June 6, 1986, alleging that he was deportable pursuant to 8 U.S.C. Sec. 1251(a)(4). In relevant part, 8 U.S.C. Sec. 1251(a)(4) provides that an alien in the United States shall be deported who "at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial."
 
 
 5
 The INS must prove deportability by clear, convincing, and unequivocal evidence. Leon-Hernandez v. United States INS, 926 F.2d 902, 903 (9th Cir.1991). The finding that Sarmadi was convicted of two separate crimes of taking indecent liberties is substantially reasonable. See id. at 904 (citing De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). We reject Sarmadi's argument that the INS failed to carry its burden to show that his two convictions did not arise out of a single scheme or plan. The INS presented at the deportation hearing the Amended Information, Certification for Determination of Probable Cause, and the Judgment and Sentence. Therefore, before the immigration judge was evidence that Sarmadi was convicted at his trial on two counts of taking indecent liberties with two different victims for which he received sentences of 20 months and 21 months to run concurrently. In addition the INS's evidence showed that the crimes occurred at different times, approximately seven weeks apart and at different locations--the first in Sarmadi's home and the second in the child's father's home. This evidence was sufficient to show that Sarmadi was convicted of two separate crimes absent credible evidence to the contrary. See Chanan Din Khan v. Barber, 253 F.2d 547, 549 (9th Cir.), cert. denied, 357 U.S. 920 (1958) ("In the absence of all evidence to the contrary, complete crimes committed on differing dates or in differing places are considered separate and different crimes, and support separate charges"). Sarmadi did not present sufficient evidence to rebut the INS's evidence.
 
 
 6
 Sarmadi did not testify that he planned the two crimes as part of a single plan or scheme. Instead, Sarmadi maintained his innocence throughout the hearing and relied solely on the Amended Information to rebut the INS's evidence. The Amended Information alleged in separate counts that he forced his two stepdaughters to have sexual contact with him, and the crimes "were part of a common scheme or plan ... [and] were so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the other...." State of Washington v. Sarmadi, Amended Information, No. 85-1-00451-1. In determining whether Sarmadi's convictions constitute two crimes under Sec. 1251(a)(4), the wording of the information is not dispositive. See Leon-Hernandez, 926 F.2d at 904 (9th Cir.1991) (rejecting the defendant's argument that "his crimes were part of a single scheme because they were brought in a single charge and resulted in a single conviction"). We hold that the language of this amended information alone is not sufficient to rebut the INS's substantial evidence that Sarmadi committed two separate crimes of moral turpitude. See id. ("[A]n alien must do more than simply present 'any evidence' of a common scheme to rebut the presumption created in Chanan ").
 
 
 7
 The petition for review is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3