28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arturo B. CONDES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70257.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1994.
Decided June 20, 1994.
 
 Before: WRIGHT, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Immigration Judge (IJ) found Condes deportable under 8 U.S.C. Sec. 1251(a)(2)(A)(ii), because he was convicted of two crimes of moral turpitude not arising out of a single scheme of criminal misconduct. The Board of Immigration Appeals (BIA) affirmed the decision, denied him a waiver of deportation and denied his request for remand. We have jurisdiction under 8 U.S.C. Sec. 1105a(a). We affirm.
 
 A. Criminal Misconduct
 
 3
 Condes argues that the BIA erred in affirming the IJ's finding of deportability because his two crimes arose out of a single scheme. "The determination whether there was a single scheme of misconduct is a factual one. The BIA's findings of fact are conclusive if they are 'substantially reasonable.' " Leon-Hernandez v. U.S.I.N.S., 926 F.2d 902, 904 (9th Cir.1991) (citing DeValle v. INS, 901 F.2d 787, 790 (9th Cir.1990)); 8 U.S.C. Sec. 1105(a)(4).
 
 
 4
 The INS must prove "by clear, convincing and unequivocal evidence" that the two crimes did not arise out of a single scheme. Leon-Hernandez, 926 F.2d at 903. We presume that "complete crimes committed on differing dates or in differing places are ... separate and different crimes, and support separate charges." Chanan Din Khan v. Barber, 253 F.2d 547, 549 (9th Cir.) cert. denied, 357 U.S. 920 (1958). To rebut this presumption, "an alien must do more than simply present 'any evidence' of a common scheme," he must present credible evidence consistent with the circumstances of the crimes. Leon-Hernandez, 926 F.2d at 904.
 
 
 5
 Condes was convicted of two separate crimes occurring almost a month apart. He testified to a plan where he would pay the bank official a bribe when a false loan application was approved. He offered no testimony that the two crimes for which he was convicted were planned when that arrangement was made. And he testified that he could not recall which loan approvals the bribe included. He did not have a "specific, more or less articulated and coherent plan," but instead had a nebulous intention "capable of future application at any time and any place, but planned definitely for none." Id. at 905 (quoting Nason v. INS, 394 F.2d 223, 227 (2d Cir.), cert. denied, 393 U.S. 98, (1968)). Absent evidence of a more coherent plan, the BIA's decision is substantially reasonable.
 
 
 6
 B. Waiver of Deportation and Motion to Remand
 
 
 7
 Condes claims that the BIA did not consider all aspects of his claim when it denied him a waiver of deportation and denied his motion to remand. We review for abuse of discretion. Ayala-Chavez v. U.S.I.N.S., 944 F.2d 638, 642 (9th Cir.1991).
 
 
 8
 In deciding whether to grant a waiver under 8 U.S.C. Sec. 1182(c) the IJ is "required to balance the positive and adverse matters to determine whether discretion should be favorably exercised." In re Marin, 16 I & N Dec. 581, 585 (BIA1978). The IJ properly balanced these matters. He listed several negative factors including the sophistication of the crimes, Condes's violation of the terms of his probation, and testimony describing him as "manipulative."
 
 
 9
 The BIA denied his motion to remand because Condes failed to present evidence to support his alleged rehabilitation and because the IJ had already considered his wife's medical condition. The BIA did not abuse its discretion by denying a waiver of deportation or denying the motion to remand.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Condes is not entitled to attorney's fees under 28 U.S.C. Sec. 2412(d) because he has not prevailed