**Samuel VASQUEZ–ATEMPA,**
**Petitioner—Appellant,**

v.

**John ASHCROFT, Attorney General,**
**Respondent—Appellee.**

No. 02–70359.
BIA No. A78–241–324.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2003.*

Decided Nov. 18, 2003.

Joseph M. Bacho, Esq., Law Offices of Joseph M. Bacho, El Centro, CA, for Petitioner–Appellant.

Regional Counsel, Laguna Niguel, CA, District Director, Office of the District Counsel, San Diego, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Paul Fiorino, Carl H. McIntyre, Jr., DOJ–U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM **

Samuel Vasquez–Atempa, a native and citizen of Mexico, petitions for review of the summary affirmance by the Board of Immigration Appeals of the denial by an Immigration Judge of his application for cancellation of removal on the ground that his 1993 conviction for evading a police officer while driving under the influence, in violation of California Vehicle Code §§ 2800.2 and 23152(b), was a crime of moral turpitude. We deny the petition for review.

Even though driving under the influence is not a crime of moral turpitude, eluding the police while driving under the influence is different because it involves other criminal conduct that is contrary to accepted moral standards. *See Hernandez–Martinez v. Ashcroft,* 329 F.3d 1117, 1118–19 (9th Cir.2003); *Matter of Lopez–Meza,* 22 I. & N. Dec. 1188 (B.I.A.1999). A § 2800.2 conviction evinces intent to evade law enforcement and jeopardize the safety of persons and property. *See People v. Dewey,* 42 Cal.App.4th 216, 221–22, 49 Cal. Rptr.2d 537 (1996). Thus, considering only the statutory definition and the nature of the crime itself, *Grageda v. INS,* 12 F.3d 919, 921 (9th Cir.1993); *Goldeshtein v. United States,* 8 F.3d 645, 647 (9th Cir.1993), the behavior criminalized by § 2800.2 coupled with § 23152(b) necessarily involves moral turpitude.

PETITION DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.