Bernard **BLOCH**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 14266.

United States Court of Appeals
Ninth Circuit.

April 11, 1955.

Rehearing Denied June 14, 1955.

See 223 F.2d 297.

Wade Church, Phoenix, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., Robert S. Murlless, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before BONE and POPE, Circuit Judges, and MURRAY, District Judge.

MURRAY, District Judge.

Appellant was charged in the District of Arizona in two counts with attempting to evade or defeat the payment of income taxes owing by him for the years 1947 and 1948, in violation of Section

145(b), Title 26, U.S.C.A.[1] After trial by a jury in the District Court, appellant was acquitted on Count one (1947 taxes) and convicted on Count two (1948 taxes). He appeals, assigning three specifications of error.

■ The first specification of error relied on is that the District Court erred in failing to give appellant's requested Instruction No. 2.[2] There is no merit in this specification of error as such. In the first place, the instruction as requested is at least misleading and confusing, if not clearly erroneous. Counsel for appellant attempted to take the instruction from the case of Gaunt v. United States, 1 Cir., 184 F.2d 284, 291, but omitted a portion of the last sentence of the instruction on wilfulness approved in the Gaunt case, supra. In the Gaunt case the last sentence of the instruction read:

" 'He certainly is not wilful if he acts without the advice of a lawyer or accountant, for there is no requirement that a taxpayer, no matter how large his income, should engage a lawyer or an accountant.' "

Even that language, it seems to us, may be misleading because it might be subject to the interpretation that acting without advice of a lawyer or accountant shows a complete absence of wilfulness, and such is not the law. What was meant to be said is that merely acting without advice of a lawyer or accountant does not itself prove wilfulness. But by omitting the explanation "for there is no requirement that the taxpayer engage a lawyer or accountant", which was contained in the Gaunt case, from the requested instruction in this case, the instruction became completely unacceptable, and it was not error for the trial Court to refuse it.

■ Furthermore, the trial Court is not obliged to give an instruction in the exact language in which it is proposed, but may choose his own language. Wright v. U. S., 8 Cir., 175 F.2d 384; Nye & Nissen v. U. S., 9 Cir., 168 F.2d 846, affirmed 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919; Thayer v. U. S., 10 Cir., 168 F.2d 247; Petro v. U. S., 6 Cir., 210 F.2d 49. As the Court said in Wright v. U. S., supra:

"Fortunately, a trial judge, in formulating his charge, is entitled to use his own language and is not required to let counsel for either party put words into his mouth. If the charge is accurate and gives to the jury all of the law which it needs in order to reach a verdict, that is enough." [175 F.2d 388.]

However, in examining the Court's charge to determine whether the jury was otherwise properly instructed as to the meaning of the word "willfully" as used in Section 145(b), Title 26, U.S.

1. Sec. 145(b). "Failure to collect and pay over tax, or attempt to defeat or evade tax. Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

2. The indictment in this case charges a violation of a willful attempt to evade or defeat a tax imposed by Section 145(b) of Title 26, United States Code. I instruct you that willfully "means knowingly, and with a bad heart, and a bad intent; it means having the purpose to cheat or defraud or do wrong in connection with a tax matter. It is not enough if all that is shown is that the defendant was stubborn or stupid, careless, negligent or grossly negligent. A defendant is not willfully evading a tax if he is careless about keeping his books. He is not willfully evading a tax if all that is shown is that he made errors of law. He is not willfully evading a tax if all that is shown is that he in good faith acted contrary to regulations laid down by the Bureau of Internal Revenue and the United States Department of Treasury. He certainly is not willful if he acts without advice of a lawyer or accountant."

C.A., it becomes apparent that the charge was incorrect in several aspects, which will be hereinafter discussed.

■ The appellant made no objection to the charge as given by the Court, but only objected to the failure of the Court to give his requested instruction, nor did appellant raise in this Court any question regarding the correctness of the trial Court's charge on wilfulness. Whether the objection to the failure to give the offered instruction on wilfulness in the trial Court, and the specification of that failure as error in this court would be a sufficient saving of the point to permit this Court to consider other non-specified errors in the charge on wilfulness within the rule that Appellate Courts will not consider instructions to which no objections were taken at the time of trial need not be decided because of the provisions of Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and cases decided thereunder. Rule 52(b) provides:

"Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

The Supreme Court of the United States in U. S. v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 392, 80 L.Ed. 555, concerning this matter, said:

"In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings."

See also Morris v. United States, 9 Cir., 156 F.2d 525, 169 A.L.R. 305; U. S. v. Balodimas, 7 Cir., 177 F.2d 485; U. S. v. Perplies, 7 Cir., 165 F.2d 874; Fischer v. U. S., 10 Cir., 212 F.2d 441, 444.

The error of the trial court is, as we hereinafter point out, fundamental and goes to the very essence of the case so we must under the rule take notice of it.

■ Proceeding then to a consideration of the Court's charge we find the trial Court instructed the jury in part as follows:

"The attempt must be wilful, that is, intentionally done with the intent that the government is to be defrauded of the income tax due from the defendant."

That is a correct statement of the law, because the intent involved in the offense with which appellant here was charged is a specific intent involving the bad purpose and evil motive to evade or defeat the payment of his income tax. Wardlaw v. U. S., 5 Cir., 203 F.2d 884. However, the trial Court went on in his instruction, and in the very next sentence said:

"The presumption is that a person intends the natural consequences of his acts, and the natural inference would be if a person consciously, knowingly and intentionally did not set up his income, and thereby the government was cheated or defrauded of taxes, that he intended to defeat the tax."

This is not a correct statement of law with regard to a criminal offense wherein specific intent is an essential element. Morissette v. U. S., 342 U.S. 246, 273, 72 S.Ct. 240, 96 L.Ed. 288; Wardlaw v. U. S., supra. As the Supreme Court said in the Morissette case, supra, 342 U.S. at page 275, 72 S.Ct. at page 256:

"We think presumptive intent has no place in this case. A conclusive presumption which testimony could not overthrow would effectively eliminate intent as an ingredient of the offense. A presumption which would permit but not require the jury to assume intent from an isolated fact would prejudge a conclusion which the jury should reach of its own volition. A presumption which would permit the jury to make an assumption which all the evidence considered together does not logically establish would give to a proven fact an artificial and fictional effect. In either case, this presumption would

conflict with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime. Such incriminating presumptions are not to be improvised by the judiciary. Even congressional power to facilitate convictions by substituting presumptions for proof is not without limit."

The conclusion sought to be supplied by presumption in the Morissette case was one of intent to steal casings, based upon the mere fact the defendant took them. What was said in that case applies equally to the case at bar where under the above portion of the trial Court's charge the jury was told in effect that they could draw the conclusion that the appellant had intended to defeat or evade the payment of his tax from the mere fact that he filed an incorrect income tax return.

The trial Court further instructed the jury as follows:

"Wilfully in the statute, which makes a willful attempt to evade taxes a crime, refers to the state of mind in which the act of evasion was done. *It includes several states of mind, any one of which may be the willfulness to make up the crime.*

*"Willfulness includes doing an act with a bad purpose. It includes doing an act without a justifiable excuse. It includes doing an act without ground for believing that the act is lawful. It also includes doing an act with a careless disregard for whether or not one has the right so to act."* (Italics supplied.)

We think that the italicized portion of the above instruction is erroneous in this case.

This portion of the Court's charge apparently was taken from the language of the Supreme Court in U. S. v. Murdock, 290 U. S. 389, at page 394, 54 S.Ct. 223, 226, 78 L.Ed. 381. The Murdock case was one in which defendant was indicted for refusal to give testimony and supply in-

formation as to deductions claimed in his tax returns for moneys paid to others in violation of Section 1114(a) of the Revenue Act of 1926 and Section 146(a) of the Revenue Act of 1928 which sections were identical. Those sections provided that:

"Any person * * * required by law or regulations * * * to * * * supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this Act, who willfully fails to * * * supply such information * * * shall * * * be guilty of a misdemeanor * *."

When the Supreme Court there used the language which is embodied in the quoted portion of the trial Court's charge in this case, it was talking about how the word "wilfully" is variously defined under different statutes and circumstances. It is significant that in that case the Supreme Court, addressing itself to the particular case before it, said:

"The respondent's refusal to answer was intentional and without legal justification, but the jury might nevertheless find that it was not prompted by bad faith or evil intent, which the statute makes an element of the offense."

The Murdock case itself does not apply the definition of "wilfully" used by the trial Court in the instant Section 145(b) case.

■ In this Section 145(b) tax evasion case there is only one state of mind that will supply the intent necessary to sustain a conviction, and that is the intent to defeat or evade the payment of the tax due. Nor would filing a false return with any bad purpose supply the necessary intent. The bad purpose must be to evade or defeat the payment of the income tax that is due. Nor would filing a false return without a justifiable excuse or without ground for believing it to be lawful or with a careless disregard for whether or not one has the right so to do constitute in themselves the intent which is required under the section. See

Hargrove v. U. S., 5 Cir., 67 F.2d 820, 823, 90 A.L.R. 1276, wherein the Court discussed and distinguished the element of intent necessary under different statutes. See also U. S. v. Martell, 3 Cir., 199 F.2d 670.

These errors in the instruction are plain and affect substantial rights of the defendant and the fairness of the trial and require a reversal of the case.

 Appellant's second specification of error is that the Court erred in failing to properly instruct the jury with reference to certain questions asked by the prosecution. Appellant was asked questions as to whether he had ever sworn that he had not had sexual relations with named women, whether he had ever taken oath that he had not performed illegal operations, whether he had been refused a doctor's license and whether he had kept a mistress. Objections to these questions were made and properly sustained by the Judge who in this regard did everything requested of him by counsel for the defendant. The Judge would no doubt have given a more specific and detailed instruction advising the jury to disregard those questions and the implications arising therefrom had he been so requested.

Whether the instructions the Court did give in this connection were sufficient to protect the defendant need not now be decided inasmuch as the case must be reversed for the reasons already stated.

It is, however, appropriate to express our disapproval of the tactics employed by the government attorney in the prosecution of this case. The government on appeal sought to justify these prejudicial questions on the ground that the appellant had put his character in issue when he testified he was a member of the Junior Chamber of Commerce and that he had opened a skating rink to help deal with the problem of juvenile delinquency. We cannot agree that this testimony put appellant's character in issue. Furthermore, some of the questions concerning the appellant keeping a mistress were asked of witnesses before appellant ever took the stand.

The appellant was on trial on the charge of attempting to evade or defeat the payment of his income tax. His guilt or innocence of that charge was the only issue in the case and the questions asked, above referred to, were not relevant in any way to that issue and could only serve to paint the appellant as a scoundrel in the eyes of the jury. The practice of attempting to convict a defendant not of the crime of which he is charged, but rather of being an all round, no good dissolute person, is foreign to our system and is disapproved by this Court.

Appellant's third specification of error is that the jury brought in conflicting verdicts on counts one and two. There is no merit in this specification.

The cause is reversed and remanded for a new trial on Count two of the indictment.