**CHANAN DIN KHAN, Appellant,**

v.

**Bruce G. BARBER, District Director United States Immigration and Naturalization Service, Appellee.**

**No. 15584.**

United States Court of Appeals
Ninth Circuit.

March 11, 1958.

Colley & Sakuma, Nathaniel S. Colley, Sacramento, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before LEMMON, BARNES and HAMLEY, Circuit Judges.

BARNES, Circuit Judge.

This is an action brought by appellant, a citizen of Afghanistan, to review an order of the District Director of the United States Immigration and Naturalization Service deporting him; to declare the same void; and to enjoin the deportation. (5 U.S.C.A. § 1009; 66 Stat. 208, 8 U.S.C.A. § 1252.) The District Court had original jurisdiction to review (Shaughnessy v. Pedreiro, 349 U. S. 48, 75 S.Ct. 591, 99 L.Ed. 868), and appeal lies here. 28 U.S.C. § 1291.

Appellant entered this country unlawfully on April 25th, 1923. On August 28th or 29th, 1949,[1] his status was adjusted and he was granted a Certificate of Registry.

On January 25th, 1952 a jury convicted appellant of both counts of a two count indictment charging him with violation of § 145(b) of the Internal Revenue Code of 1939 (26 U.S.C. § 145(b)),[2]

---

1. Appellant's "Facts" state the date to be August 29, 1949; appellee's, August 28, 1949.

2. Title 26 U.S.C. § 145(b) 1939 Code, provides:

"Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not

which charged him with wilfully attempting to defeat and evade his income tax for the years 1946 and 1947 by filing two separate "false and fraudulent income tax returns."

Thereafter appellant's Certificate of Registry adjusting his status was rescinded, and in subsequent proceedings he was found deportable as having been convicted of two crimes involving moral turpitude (8 U.S.C.A. § 1251(a) (4)).[3] The District Court affirmed the order of deportation.

The issue is simple. Was appellant, "after entry, * * * convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct?"

Two questions must be answered.

Does conviction of 26 U.S.C. § 145(b) involve moral turpitude? If so, does the evidence disclose that the two convictions arise from a single scheme?

■ This Court has already answered the first question affirmatively where, as here, intent to defraud the government is charged in the indictment and found by the jury.

"We follow the rule laid down in the De George case (Jordan v. De George, 1951, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 and Bloch v. United States, 9 Cir., 1955, 221 F.2d 786, 788) that an intent to defraud the government is a prerequisite to conviction under Sec. 145(b), and hence, a conviction thereof where such fraud is charged in the indictment, is conviction of a crime involving moral turpitude." Tseung Chu v. Cornell, etc., 9 Cir., 247 F.2d

929, 936, certiorari denied 1957, 355 U.S. 892, 78 S.Ct. 265, 2 L.Ed. 2d 190.

This has long been the rule. Reyes v. Neely, 5 Cir., 1956, 228 F.2d 609; Maita v. Haff, 9 Cir., 1940, 116 F.2d 337; Ponzi v. Ward, D.C.D.Mass., 1934, 7 F.Supp. 736.

■ The second question is slightly more difficult. Appellant points to no facts in the record supporting his assumption that the two years of evasion *could* have been the result of a single plan or scheme. In fact, he assumes they were "for purposes of argument only." Fraudulent returns in two different years could, or could not, be one plan or scheme. But we have no facts to prove such a scheme. We have here two different returns involving transactions a year apart. The evidence required on each count was necessarily different, and referred to acts occurring a year apart. This, alone, is persuasive that two unrelated crimes were charged. In the absence of all evidence to the contrary, complete crimes committed on differing dates or in differing places are considered separate and different crimes, and support separate charges. Could the defendant in this case urge that there was but one substantive offense charged against him, and hence that the government was required to choose for which year it desired to prosecute defendant? Obviously not.

The mere assumption that evidence of a crime alleged in the first count might be admissible in a prosecution under the second count does not necessarily prove that if two somewhat similar crimes are

more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

3. Title 8 U.S.C.A. § 1251(a) (4) provides:
   "(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—— * * *
   "(4) Is convicted of a crime involving moral turpitude committeed within five

years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial."

committed a year apart, they are part of a common scheme.

To reduce appellant's position to an absurdity, he must urge that once an alien is convicted of fraudulently evading an income tax for one year, any subsequent attempt to evade income tax and convictions thereof *must* be presumed part of a single scheme or plan dating back to the original charge. If this were so, the alien could never be deported, even though the convictions were twenty years apart. We cannot conceive this to be the meaning of the statute.

We fully understand that deportation is a drastic measure, a forfeiture of residence, and a penalty. For that reason, the statutory provision should be generously construed. Fong Haw Tan v. Phelan, 1948, 333 U.S. 6, 10, 68 S.Ct. 374, 92 L.Ed. 433. But this does not require us to adopt a ridiculous interpretation favoring the alien at all events.

Appellant's proposed "common sense" test is whether evidence of the crime alleged in the first count of the indictment would be admissible in a prosecution under the second count, and "since the theory of admissibility would be whether there was a plan or scheme, if such evidence could be admitted this would show that there was in fact only a single scheme."

Appellant's premise is false. There are theories of admissibility of a previous similar act other than to show a plan or scheme. For example, previous similar acts may be introduced to establish constituent elements of the crime charged, such as intent or motive, and may have no direct or apparent connection. Fall v. U. S., 60 App.D.C. 124, 49 F.2d 506; Witters v. U. S., 70 App.D.C. 316, 106 F.2d 837, 125 A.L.R. 1031; Weiss v. U. S., 5 Cir., 122 F.2d 675, 680, 682. Or, they may show malice. People v. Chaves, 122 Cal. 134, 54 P. 96. Or, it may be to show guilty knowledge, Johnston v. U. S., 9 Cir., 1927, 22 F.2d 1, and this rule is applicable in tax cases. Tinkoff v. U. S., 7 Cir., 1936, 86 F.2d 868, 879.

Finally, appellant urged at oral argument a matter not raised below nor in his brief, namely: that appellant was convicted of income tax evasion in January 1952, and that the Walters-McCarran Immigration Act was passed June 27th, 1952; that the Act cannot be used against him.

8 U.S.C.A. § 1251(a) reads in pertinent part:

"Any alien * * * shall * * * be deported who * * * (4) * * * at any time after entry *is convicted* of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct * * *" [Emphasis added.]

Appellant urges "is convicted" can only refer to events occurring after passage of the Act, particularly because § 1251 (a) (3) uses the phrase "hereafter" and § 1251(a) (6) uses the phrase "is or at any time has been, after entry, a member of any" of certain classes of aliens. The very inclusion in § 1251(a) (4) of the words "at any time after entry" makes the Act applicable to any conviction occurring after entry. These same words were in the previous 1940 Act,[4] and Congress, examining each section with great care, chose to use the same words, making the penalty applicable to any alien being twice convicted of certain crimes *committed at any time after entry.*

This Court reaffirms the finding of the District Court that the appellant was given a fair hearing and that the decision of deportability is based upon reasonable, substantial and probative evidence.

The judgment is affirmed.

4. 8 U.S.C.A. § 155(a) (1942 ed.).