Eliceo **HERNANDEZ–MARTINEZ**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–70048.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2003.

Filed May 27, 2003.

Judy Flanagan, Phoenix, AZ, for the petitioner.

Anh–Thu P. Mai, Department of Justice, Washington, DC, for the respondent.

Before NOONAN, TASHIMA, and WARDLAW, Circuit Judges.

Opinion by Judge NOONAN.
Concurring opinion by Judge WARDLAW.

**OPINION**

NOONAN, Circuit Judge:

Eliceo Hernandez–Martinez (Hernandez) petitions for review of the decision of the Board of Immigration Appeals (the Board) holding him to be convicted of a crime of moral turpitude by virtue of his conviction under Arizona law of aggravated driving under the influence. We hold

that the statute under which Hernandez was convicted is divisible and its range does not include only crimes of moral turpitude. Accordingly, we grant Hernandez's petition.

## FACTS AND PROCEEDINGS

Hernandez, a native of Mexico, entered the United States in 1981 without inspection. On June 15, 1998, he was convicted of aggravated driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor or drugs (aggravated DUI) in violation of Arizona Revised Statutes §§ 28–692(A)(1) and 28–697(A)(1).[1] In August 1998, the Immigration and Naturalization Service (the INS) charged him as an alien who had committed a crime involving moral turpitude. An immigration judge upheld the charge.

Hernandez appealed to the Board. On December 19, 2001, the Board ruled "that our decision in *Matter of Lopez–Meza,* Interim Decision 3423(BIA) controls, as it specifically held that a conviction under sections 28–692(A)(1) and 28–697(A)(1) of the Arizona Revised Statute would constitute a crime involving moral turpitude." *Hernandez–Martinez,* INS No. A92–440–540 at *1–2 (B.I.A. filed Dec. 19, 2001). The Board rejected Hernandez's contention that *Matter of Torres–Varella,* 23 I. & N. Dec. 78 (BIA 2001) was relevant; the Board held that this case "dealt with a different statutory section." *Id.* at *1 n. 1. Hernandez's appeal was dismissed.

Hernandez petitions for review.

---

1. Hernandez was convicted in 1998 for an offense that occurred in 1996. The statutes Hernandez violated were renumbered by the Arizona State Legislature in 1997. Arizona Revised Statute § 28–692 was renumbered as § 28–1381, effective October 1, 1997. 1996 Ariz. Sess. Laws ch. 76, § 3 *as amended by*

## ANALYSIS

■ *Jurisdiction.* We have no jurisdiction to review a final order of removal against an alien removable for having committed a crime of moral turpitude. 8 U.S.C. § 1252(a)(2)(c). But we can review the order if the crime is not one of moral turpitude. Consequently, the jurisdictional question and the merits collapse into one. *Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000).

*The Divisible Statute.* Arizona Revised Statute § 28–697 reads:

§ 28–697. Aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs....

A. A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person does either of the following:

1. Commits a violation of section 28–692 [driving under the influence] or this section while the person's driver's license or privilege to drive is suspended, cancelled [sic], revoked or refused, or the person's driver's license or privilege to drive is restricted as a result of violating section 29–692 [driving under the influence] or under section 28–694.

Under our precedents, as the Board has acknowledged in *Torres–Varella, supra,* when the statute is divisible the Board must determine whether any conduct violative of the statute is a crime within the meaning of the relevant immigration law.

■ The statute is divisible. One may be convicted under it for sitting in one's own car in one's own driveway with the

---

1997 Ariz. Sess. Laws ch. 1. § 106. Ariz.Rev. Stat. § 28–697 was renumbered as § 28–1383, effective the same date. 1996 Ariz. Sess. Laws ch. 76 §§ 3, 25 *as amended by* 1997 Ariz. Sess. Laws ch. 1 § 108; 1997 Ariz. Sess. Laws ch. 220, § 82.

key in the ignition and a bottle of beer in one's hand. We defer to the Board in interpreting terms in the immigration law. But we find it difficult to believe that our society holds conduct in one's own backyard to be "inherently base, vile or depraved and contrary to the accepted rules of morality," as the Board in *Matter of Lopez–Meza* found Aggravated DUI to be. Drunken driving is despicable. Having physical control of a car while drinking is not. The Board's error of law was not to treat the statute as divisible.

Petition Granted.

WARDLAW, Circuit Judge, concurring:

I am pleased to concur in the judgment. I write to clarify that the offense of Driving Under the Influence ("DUI") with a suspended license, as defined by Arizona Revised Statute § 28–697(A)(1), is not a deportable crime of moral turpitude as a matter of either Ninth Circuit or BIA caselaw. The source of confusion may very well be the BIA's schizophrenic law on the subject. *Compare Matter of Lopez–Meza*, 22 I. & N. Dec. 1188 (B.I.A. 1999) (holding that a DUI with a suspended license is a crime of moral turpitude), *with Matter of Torres–Varella*, 23 I. & N. Dec. 78 (B.I.A.2001) (en banc) (holding that DUI with two prior DUI offenses is not a crime of moral turpitude).

Whether a state statute defines a deportable crime involving moral turpitude is a legal issue we review de novo. *See Luu–Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000); *Goldeshtein v. INS*, 8 F.3d 645, 647 (9th Cir.1993); *see also Torres–Varella*, 23 I. & N. Dec. at 82–84 (recognizing that a "crime involving moral turpitude" is a matter of federal law subject to judicial interpretation, and looking to Ninth Circuit case law when analyzing a conviction within its jurisdiction). Even if we were to defer to the BIA's interpretation of whether a state criminal statute describes a crime of moral turpitude, "we are not obligated to accept an interpretation that is contrary to the plain and sensible meaning of the statute." *Randhawa v. Ashcroft*, 298 F.3d 1148, 1151 (9th Cir.2002) (citing *Beltran–Tirado v. INS*, 213 F.3d 1179, 1185 (9th Cir.2000) and *INS v. Aguirre–Aguirre*, 526 U.S. 415, 424–425, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999)).

Nothing in either the federal or the Arizona statutes suggests that the regulatory offense of DUI becomes an inherently base, vile and deportable "crime of moral turpitude" simply because the offender's driver's license has been suspended. The BIA's own case law casts substantial doubt on its anomalous holding to the contrary: according to the en banc BIA, even a three-time DUI offender has not committed a crime of moral turpitude. *Torres–Varella*, 23 I. & N. Dec. at 86. Applying the analysis in *Torres–Varella* to this case makes clear that Arizona Revised Statute § 28–697(A)(1) should not be construed any differently from § 28–697(A)(2). *See Torres–Varella*, 23 I. & N. Dec. at 84 (citing *Matter of Short*, 20 I. & N. Dec. 136, 137 (B.I.A.1989)). Neither subsection describes a crime of moral turpitude. *See Goldeshtein v. INS*, 8 F.3d 645, 647 (9th Cir.1993).