**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THEOPHILE CARTY,
                    *Petitioner,*

v.

JOHN ASHCROFT, Attorney General,
                    *Respondent.*

No. 03-71392

Agency No.
A34-703-092

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 4, 2004—San Francisco, California

Filed January 19, 2005

Before: William C. Canby, Jr., Pamela Ann Rymer, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Hawkins;
Dissent by Judge Canby

## COUNSEL

Matthew G. Ball (briefed and argued), Kirkpatrick & Lockhart, San Francisco, California, for the petitioner.

Edward C. Durant (argued) and David E. Dauenheimer (briefed), Office of Immigration Litigation, Department of Justice, Washington, D.C., for the respondent.

## OPINION

HAWKINS, Circuit Judge:

We must decide whether "intent to evade" is synonymous with "intent to defraud" within the meaning of the removal provisions of the Immigration and Nationality Act ("INA"). Because we conclude the terms are synonymous, we dismiss

the petition for review of Dr. Theophile Carty ("Carty"). Carty, a native of Anguilla, petitioned this court for relief from a Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") determination that willful failure to file state income taxes under California Revenue and Taxation Code § 19406 (1992) ("Section 19406") is a crime involving moral turpitude, thereby subjecting Carty to removal pursuant to INA § 237(a)(2)(A)(ii) for conviction of two or more crimes involving moral turpitude.

While we generally do not have jurisdiction to consider challenges to removal orders brought by aliens removable pursuant to INA § 237(a)(2)(A)(ii), *see* 8 U.S.C. § 1252(a)(2)(C), we can determine whether we have jurisdiction. *See Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 885 (9th Cir. 2003). As part of this jurisdictional inquiry, we may examine whether Section 19406 tax evasion constitutes a crime of moral turpitude. *Hernandez-Martinez v. Ashcroft*, 329 F.3d 1117, 1118 (9th Cir. 2003).

## I.  BACKGROUND

Carty immigrated to the United States in 1965 and became a lawful permanent resident in 1975. Working as a licensed physician in Los Angeles, Carty made a comfortable and, it turns out, largely unreported income.[1] The State of California charged Carty with the willful failure to file a state income tax return in 1991 and 1992, in violation of Section 19406. Carty pled nolo contendere to both counts, and was sentenced to ninety days house arrest, payment of all past taxes due, and probation for three years. In 2001, Carty pled guilty to attempted bribery of a government official, admitting that he offered money to obtain a U.S. passport for a non-citizen. He was sentenced to eighteen months imprisonment and three years probation.

---

[1]The record shows Carty made, on average, $3,000 per week from 1984 to 1996.

The INS thereafter commenced removal proceedings against Carty pursuant to INA § 237(a)(2)(A)(ii)[2] for conviction of two or more crimes involving moral turpitude. In the face of Carty's argument that failure to file a tax return is not a crime involving moral turpitude,[3] the IJ ruled that Carty's willful failure to file a return with the intent to evade taxes constitutes a crime involving moral turpitude. The BIA affirmed, specifically concurring with the IJ's moral turpitude determination.

## II.  DISCUSSION

**[1]** Whether a state statutory crime necessarily involves moral turpitude is a question of law, subject to *de novo* review. *Rodriguez-Herrera v. INS*, 52 F.3d 238, 240 n.4 (9th Cir. 1995). Crimes of moral turpitude are of basically two types, those involving fraud and those involving grave acts of baseness or depravity. *Rodriguez-Herrera,* 52 F.3d at 240. For analytical purposes, tax evasion falls within the first category.

Section 19406 provided in pertinent part:

> Any person who . . . willfully fails to file any return or to supply any information with intent to evade any tax imposed by this part, or who, willfully and with like intent, makes, renders, signs, or verifies any false or fraudulent return or statement or supplies

---

[2]INA § 237(a)(2)(A)(ii) states, "Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."

[3]Carty did not raise the issue of whether attempted bribery of a government official is a crime of moral turpitude below, and does not raise it on appeal.

any false or fraudulent information, is punishable . . . .[4]

Section 19406 is a divisible statute, constituting (1) willful failure to file a return or to supply information with the intent to evade taxes, and (2) willful making of a false or fraudulent return or statement or supplying any false or fraudulent information.

When a statute is divisible into several crimes, some of which may involve moral turpitude and some not, it is appropriate to examine the "record of conviction" to determine which part applies to the defendant. *See Wadman v. INS*, 329 F.2d 812, 814 (9th Cir. 1964), *Hernandez-Martinez*, 329 F.3d at 1118-19. Here, Carty was convicted of "willfully and unlawfully fail[ing] to file any return or to supply any information with intent to evade any tax imposed by this part."

**[2]** To involve moral turpitude, intent to defraud must be an "essential element" of Carty's conviction. *See Goldeshtein*, 8 F.3d 645, 647 (9th Cir. 1993). Looking to the language of Section 19406, the willful failure to file section does not specifically list intent to defraud as an element, nor is it alleged in Carty's indictment. However, Section 19406 does list intent to evade taxes as an element, and the government must prove "specific intent to evade a tax" under the substantially identical Section 19706. *See* California Jury Instructions, Criminal, 7th Ed. § 7.66 (2004).[5]

---

[4]The California legislature repealed Section 19406 in 1994 and replaced it with a substantially identical Section 19706. *See* Cal. Rev. & Tax. Code § 19706 (2004).

[5]Carty argues that *intent to evade* taxes is not necessarily the same as *intent to defraud* the government, citing *United States v. Scharton*, 285 U.S. 518 (1932). *Scharton* only held that a statute must explicitly include an intent to defraud for the government to avail itself of the six-year statute of limitations for fraud actions. 285 U.S. at 521-22. The narrow construction applied to statute of limitations issues led to a holding that an income tax statute requiring willful attempt to evade or defeat taxes does not fall within the fraud exception. *Id.*

**[3]** We have held that "[e]ven if intent to defraud is not explicit in the statutory definition, a crime nevertheless may involve moral turpitude if such intent is 'implicit in the nature of the crime.' " *Goldeshtein*, 8 F.3d at 648 (quoting *Winestock v. INS*, 576 F.2d 234, 235 (9th Cir. 1978)).[6] Intent to defraud is implicit in willfully failing to file a tax return with the intent to evade taxes. Unlike *Goldeshtein*, where the court found that willfully structuring transactions did not inherently involve fraud because it only deprived the government of information and did not obtain anything from the government, *id*. at 649, here Carty deprived state government of more than mere information. By willfully failing to file his tax returns, he attempted to deprive the government of revenue — or, in other words, to obtain a free pass on taxes.

**[4]** The closest analog to Section 19406 is 18 U.S.C. § 145(b) (1939), which prohibits the willful attempt "in any manner to evade or defeat any tax." *See Khan v. Barber*, 147 F. Supp. 771, 775 n.2 (N.D. Cal. 1957), *aff'd*, *Khan v. Barber*, 253 F.2d 547 (9th Cir. 1958). *Khan* held that § 145(b) is a crime of moral turpitude, 253 F.2d at 549, as did *Tseung Chu v. Cornell*, 247 F.2d 929, 934 (9th Cir. 1957). Courts had consistently interpreted tax evasion under § 145(b) as requiring "an intent to defraud the government." *Khan*, 253 F.2d at 549. As *Tseung Chu* explained,

> [T]he Courts have, with apparent unanimity, held that in order for a conviction under § 145(b) to stand, the government is required to prove that the evading taxpayer had a specific intent to evade taxation amounting to an intent to defraud the United States.

---

[6] *Goldeshtein*, in distinguishing *Matter of Flores*, 17 I. & N. Dec. 225 (BIA 1980), and other cases on which the government relied, noted that structuring financial transactions does not involve "some false or deceitful conduct through which the alien obtained something from the government." 8 F.3d at 649. While a useful guideline, *Goldeshtein* did not hold that such false or deceitful conduct was a necessary element in determining whether a crime involved moral turpitude.

> Fraud is so inextricably woven into the term willfully, as it is employed in § 145(b), that it is clearly an ingredient of the offense proscribed by that section. Only by creating unwarranted semantic distinctions could a contrary conclusion be reached.

247 F.2d at 933 (quoting *Khan*, 147 F. Supp. at 775). The reasoning of *Khan* and *Tseung Chu* — that fraud is clearly an ingredient of § 145(b) — applies with equal force to Section 19406's intent to evade requirement.[7] This leads us to determine that intent to evade under Section 19406 is tantamount and equivalent to an intent to defraud for deportation purposes.

Moreover, the terms "evasion" and "fraud" have been treated interchangeably by California and the federal government. In California, the penalty for tax "fraud or intent to evade" is the same. Cal. Rev. & Tax. Code § 6485. Similarly, the federal tax fraud penalty statute, while not specifically denoting "intent to evade," requires proof that "the taxpayer has engaged in conduct with the intent to evade taxes that he knew or believed to be owing." *United States v. Walton*, 909 F.2d 915, 926 (9th Cir. 1990); 26 U.S.C. § 6653(b).

**[5]** Just as fraud has been defined to mean intent to evade, intent to evade has generally been held to require proof of fraud.[8]

---

[7]Neither the holding in *Tseung Chu*, that "an intent to defraud the government is a prerequisite to conviction under section 145(b) and hence, a conviction thereof where such fraud is charged in the indictment, is conviction of a crime involving moral turpitude," 247 F.2d at 936, nor the identically worded holding in *Khan*, 253 F.2d at 549, suggest that charging fraud in the indictment is the only situation in which moral turpitude may be found. As we said in *Goldeshtein*, another situation in which moral turpitude may be found is when fraud is implicit in the nature of the crime. 8 F.3d at 648.

[8]The willful failure to file section of Section 19406 does not require proof of fraud. *See* California Jury Instructions, Criminal, 7th Ed. § 7.66 (2004) (enumerating elements of substantially identical Cal. Rev. & Tax. Code § 19706).

Federal tax statutes with an "intent to evade" element, and no specific fraud requirement, have still been interpreted as requiring an intent to defraud. *See Tseung Chu*, 247 F.2d at 933 (interpreting 18 U.S.C. § 145(b)); *Windham v. Bd. of Med. Quality Assurance*, 104 Cal. App. 3d 461, 469 (1980) (interpreting 26 U.S.C. § 7201). Thus, it cannot be said that willful evasion of taxes under Section 19406 does not implicitly involve fraud.

## III.   CONCLUSION

**[6]** Having determined that willful failure to file a tax return, with the intent to evade taxes, involves fraud, and thus constitutes a crime of moral turpitude, we dismiss the petition for lack of jurisdiction.

DISMISSED.

---

CANBY, Circuit Judge, dissenting:

As a matter of first impression, I would be willing to accept the majority's position that willful failure to file a tax return with intent to evade a tax is necessarily a crime of moral turpitude. It is not a matter of first impression, however, and in my view our precedent requires a contrary result.

In *Tseung Chu v. Cornell*, 247 F.2d 929 (9th Cir. 1957), we addressed the question whether a violation of 26 U.S.C. § 145(b) was a crime of moral turpitude. Section 145(b), as it then existed, proscribed willful attempts to evade a tax. We held that a violation of section 145(b) *was* a crime of moral turpitude, but we did not arrive at that conclusion from the face of the statute itself or from the mere fact of conviction. We relied on earlier case law holding that proof of fraud was required to sustain a conviction under section 145(b). We then said of Tseung Chu:

He was here charged with making in each of four years "a false and fraudulent income tax return." Fraud may not be an essential element of the crime of wilful attempt to defeat or evade the income tax, but it can be an essential part of that crime. Here fraud was charged as part and parcel of the crime, and to that crime so involving appellant's alleged fraudulent acts, appellant plead nolo.

*Id.* at 935 (internal citation omitted). Thus in *Tseung Chu* we relied on a specific allegation of fraud in order to arrive at the conclusion that the crime involved moral turpitude. There was no such allegation in Carty's conviction; he pleaded nolo contendere to two counts alleging only that he "did willfully and unlawfully fail to file any return or to supply any information with intent to evade any tax imposed by this part."[1] *Tseung Chu*'s reasoning makes it clear that such an allegation is not enough to establish moral turpitude.

Indeed, *Tseung Chu* elsewhere makes the point even more specifically than it did in the passage I have quoted above. Anticipating this court's adverse approach, Tseung Chu had managed to have his earlier conviction modified, so that the judgment's description of the charge no longer referred to "false and fraudulent income tax returns," but only to "wilful attempts to evade or defeat an income tax." We responded to that maneuver as follows:

The "order correcting clerical error in Judgement" eliminating the description of the offense charged as "making false and fraudulent income tax returns" may technically take the *judgment* out of Class One ["crimes necessarily involving moral turpitude"] described by Judge Chambers in the Twentieth

---

[1]As the majority opinion here notes, California does not require proof of fraud for conviction on this charge. Majority opinion, supra, note 8.

Century-Fox Film classifications, but it does not take the *crime as charged* out of Class One.

*Id.* (emphasis in original). Finally, we summed up our decision as follows:

We follow the rule laid down in the De George case supra, and Bloch v. United States, 1955, supra, that an intent to defraud the government is a prerequisite to conviction under section 145(b) and hence, a conviction thereof *where such fraud is charged in the indictment*, is conviction of a crime involving moral turpitude.

*Id.* at 936 (emphasis added).

We reiterated the rationale of *Tseung Chu* in *Khan v. Barber*, 253 F.2d 547 (9th Cir. 1958). In that appeal, the first question presented was whether a conviction for violating section 145(b) involved moral turpitude. We stated:

This court has already answered the first question affirmatively where, as here, *intent to defraud the government is charged in the indictment and found by the jury.*

*Id.* at 549 (emphasis added). A quotation from *Tseung Chu* immediately followed.

In my view, the rationale of *Tseung Chu*, reaffirmed in *Khan*, is fatally inconsistent with any notion that the bare crime of failing to file a tax return with intent to evade taxes is *ipso facto* a crime of moral turpitude. If intent to evade were sufficient to establish moral turpitude, there would have been no need for us to examine the indictments in *Tseung Chu* and *Khan* to make certain that they charged fraud. The charges to which Carty pleaded nolo contendere included no such allegation.

We did not diverge from the rationale of *Tseung Chu* in our later decision of *Goldeshtein v. INS*, 8 F.3d 645 (9th Cir. 1993), discussed in the majority opinion here. In *Goldeshtein* we held that the crime of structuring financial transactions in order to avoid currency reports was not a crime of moral turpitude. It is true that we based our decision in *Goldeshtein* partly on the ground that nothing had been taken from the government, but we also based our decision on the absence of fraud or deception. We pointed out that all of the cases upon which the government relied involved *"some false or deceitful conduct* through which the alien obtained something from the government." *Id.* at 649 (emphasis added). We then held that Goldeshtein's crime did not share this necessary characteristic for a crime of moral turpitude:

> The offense of structuring financial transactions to avoid currency reports, in contrast, does not involve *the use of false statements or counterfeit documents*, nor does the defendant obtain anything from the government.

*Id.* at 649 (emphasis added).

Finally, I note the implications of the Supreme Court's decision in *United States v. Scharton*, 285 U.S. 518 (1932), which held that the longer, six-year statute of limitations for "offenses involving the defrauding or attempting to defraud the United States" did not apply to a conviction for willfully attempting to evade payment of taxes. It is true, as the majority opinion here recites, that *Scharton*'s result depended in part on a strict standard of construction applicable to the extended limitations provision. Nevertheless, *Scharton* expressly rejected the arguments presented by the government that "fraud is implicit in the concept of evading or defeating" and that "[a]ny attempt to defeat or evade a tax is said to be tantamount to and to possess every element of an attempt to defraud the taxing body." *Id.* at 520-21. Although I agree with the majority that *Scharton* is sufficiently distinguishable that

it does not directly control the outcome of Carty's case, *Scharton* certainly leans in the same direction as *Tseung Chu.*

For these reasons, I respectfully dissent from the majority's opinion. I would grant the petition for review and reverse the decision of the BIA.