**Rogelio ALVARADO VELAZQUEZ,
Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney
General, Respondent.**

**No. 03–74774.
Agency No. A92–946–924.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 13, 2005.

Murray D. Hilts, Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Thankful T. Vanderstar, Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM\*\*\*

Rogelio Alvarado Velazquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order of removal based on Alvarado's conviction under Cal. Veh.Code

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 10851(a) for unlawful taking or driving of a vehicle. We lack jurisdiction to consider challenges to removal orders brought by aliens removable for commission of a crime involving moral turpitude, *see* 8 U.S.C. § 1252(a)(2)(C), but we retain jurisdiction to determine whether we have jurisdiction, *see Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000). We review de novo whether a state statutory crime necessarily involves moral turpitude, *Carty v. Ashcroft*, 395 F.3d 1081, 1083 (9th Cir. 2005), we conclude we have jurisdiction, and we grant the petition for review.

To determine whether Alvarado's conviction constitutes a crime involving moral turpitude, we first look to the state statute under which Alvarado was convicted to determine whether it contains an element of fraud or involves "grave acts of baseness or depravity." *See Carty*, 395 F.3d at 1083–84. Because Cal. Veh.Code § 10851(a) is a divisible statute, criminalizing conduct that does and does not involve the intent to defraud, we also look to the "record of conviction" to determine the nature of Alvarado's crime. *See Penuliar v. Ashcroft*, 395 F.3d 1037, 1044 (9th Cir. 2005) (indicating that a conviction under Cal. Veh.Code § 10851(a) requires the intent to deprive, whereas a conviction for aiding and abetting under the same provision requires only the intent to encourage or facilitate commission of the offense).

Although Alvarado was charged with violating Cal. Veh.Code § 10851(a) and he ultimately pleaded guilty to the charge, the record of conviction does not indicate whether he was charged or pleaded guilty to the count as a principal, as an accessory, or as an accomplice. *See id.* at 1045 (explaining that, under California law, an accusatory pleading against an accessory or accomplice may be drafted in the identical form as an accusatory pleading against a principal). Accordingly, the government failed to establish that Alvarado was convicted of a crime involving an element of moral turpitude. *See id.*

Because the BIA erroneously determined that Alvarado was not eligible to apply for relief from removal due to his criminal conviction, we remand to the BIA with instructions to proceed on Alvarado's claims for relief. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED, REMANDED.**