**OK HEE KIM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71354.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2006.

Decided July 11, 2006.

Joseph C. Hohenstein, Esq., Don W. Pak, Esq., Philadelphia, PA, for Petitioner.

HI–District Counsel, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Blair T. O'Connor, Esq., San Francisco, CA, Margot L. Nadel, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, PREGERSON, and HALL, Circuit Judges.

## MEMORANDUM *

Ok Hee Kim petitions for review of a decision of the Board of Immigration Appeals ("BIA") that found her removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for two convictions of crimes involving moral turpitude. Kim argues that: (1) she is not removable because her two convictions arose out of a single scheme of criminal misconduct, and (2) she should be granted relief due to her former counsel's ineffective assistance that resulted in prejudice. The facts are known to the parties and we do not recite them here.

We have jurisdiction over this matter under 8 U.S.C. § 1252(a)(1). Congress has withdrawn our jurisdiction to review a removal order based on two convictions for crimes involving moral turpitude only if both predicate offenses are otherwise covered by 8 U.S.C. § 1227(a)(2)(A)(i). See 8 U.S.C. § 1252(a)(2)(C). To fall within the purview of 8 U.S.C. § 1227(a)(2)(A)(i), each predicate offense must be "a crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i)(II). Kim's petty misdemeanor prostitution convictions carried a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

maximum sentence of thirty days. *See* Haw.Rev.Stat. § 712–1200(4)(a), (b). Accordingly, we have jurisdiction.

Two criminal convictions arise out of a single scheme of criminal misconduct if they "were planned at the same time and executed in accordance with that plan." *Gonzalez–Sandoval v. INS*, 910 F.2d 614, 616 (9th Cir.1990). It is the government's burden to demonstrate that Kim's convictions do not arise out of a single scheme of criminal misconduct because the government must prove removability by clear, convincing, and unequivocal evidence. *See Leon–Hernandez v. INS*, 926 F.2d 902, 903–04 (9th Cir.1991) (citing *Wood v. Hoy*, 266 F.2d 825, 830 (9th Cir.1959)). "In the absence of all evidence to the contrary, complete crimes committed on differing dates or in differing places are considered separate and different crimes, and support separate charges." *Chanan Din Khan v. Barber*, 253 F.2d 547, 549 (9th Cir.1958).

Although Kim's second offense occurred six days after the first, there is considerable evidence that the offenses arose out of a single scheme of criminal misconduct. Kim was arrested only once, and that arrest happened after she committed the second offense. Furthermore, the Hawaii court treated Kim's two convictions as constituting "first" offenses. Under Hawaii law, a "subsequent" prostitution offense carries a mandatory term of thirty days of incarceration or probation. *See* Haw.Rev. Stat. § 712–1200(4)(b). Here, when Kim appeared before the Hawaii court, it imposed only a fine. The Hawaii court treated her two counts as one "first" offense, not as a first and a subsequent offense.

We agree with the Hawaii court, and hold that Kim's two convictions arose out of a single scheme of criminal misconduct.

Accordingly, she is not removable as charged.[1] We therefore GRANT the petition for review.

---

1. Because we hold that Kim is not removable, we decline to reach her argument that she was prejudiced by ineffective assistance of counsel.

