**Manuel Calderon ANCHETA, Sr., Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–73883.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Jan. 4, 2007.

Ronald T. Oldenburg, Esq., Gordon T. Yang, Esq., Attorney at Law, Waipahu, HI, for Petitioner.

Ronald E. Lefevre, Chief Counsel, San Francisco, CA, James E. Grimes, Esq., Mary Jane Candaux, Esq., Washington, DC, for Respondent.

---

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Manuel Calderon Ancheta, Sr., a Philippine national, petitions for review of a Board of Immigration Appeals ("BIA") order summarily affirming the Immigration Judge's ("IJ") order of removal and denial of cancellation of removal.

The IJ found Ancheta removable under 8 U.S.C. § 1227(a)(2)(A)(ii), INA § 237(a)(2)(A)(ii), because he had been convicted of two crimes involving moral turpitude. Ancheta argues that the second conviction charged, for third-degree theft of services, did not involve moral turpitude. Under 8 U.S.C. § 1252(a)(2)(C), INA § 242(a)(2)(C), we generally lack jurisdiction to review an order of removal made pursuant to § 237(a)(2)(A)(ii). However, we may consider, as part of our jurisdictional inquiry, whether a crime involves moral turpitude. *Carty v. Ashcroft,* 395 F.3d 1081, 1082–83 (9th Cir.2005). We review this question de novo. *Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1017 (9th Cir.2005). Applying the categorical approach articulated in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we conclude that the statutes of conviction— Hawaii Revised Statutes §§ 708–830(4) and 708–832(1)(a)—necessarily include a morally turpitudinous element of intent to defraud or to deprive another of services. *See Carty,* 395 F.3d at 1084; *cf. Nevarez–Martinez v. INS,* 326 F.3d 1053, 1055 (9th Cir.2003). Therefore, because Ancheta has been convicted of two crimes involving moral turpitude, we lack jurisdiction to review his order of removal. *Carty,* 395 F.3d at 1082–83.

Ancheta also argues that the IJ incorrectly applied a heightened standard to his application for cancellation of removal under 8 U.S.C. § 1229b(a), INA § 240A(a), and violated his due process rights by engaging in improper speculation about his probation violation and by denying him an opportunity to respond to her concerns about back taxes he owed. We lack jurisdiction to review an IJ's discretionary determination whether to grant cancellation relief. *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). However, we may review purely legal questions, *id.,* and due process claims, *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005), arising from cancellation proceedings. We review these de novo. *Id.*

The BIA has held that once an alien establishes eligibility for cancellation relief under § 240A(a), the IJ must exercise his or her discretion under the general standard developed in the context of waiver of deportation under former 8 U.S.C. § 1182(c), INA § 212(c). *Matter of C–V–T,* 22 I & N Dec. 7, 11 (BIA 1998). That is, the IJ must review the record as a whole, and "balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his (or her) behalf to determine whether the granting of ... relief appears in the best interest of this country." *Id.* (internal quotation marks omitted, ellipsis in original). But the BIA has further held that, in contrast to § 212(c), those with criminal histories need *not* show "unusual or outstanding equities" to receive cancellation relief under § 240A(a). *Matter of Sotelo–Sotelo,* 23 I & N Dec. 201, 204 (BIA 2001) (en banc).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Here, the IJ recognized that her cancellation determination should be governed by *Matter of C–V–T* and *Matter of Sotelo–Sotelo*. Nonetheless, she stated that "some cases may have to involve unusual or outstanding equities" for relief to issue, and she appears to have required Ancheta to make such a heightened showing. Therefore, we grant Ancheta's petition with regard to the denial of cancellation of removal, and remand for further proceedings consistent with the correct legal standard. *See Rivas–Gomez v. Gonzales*, 441 F.3d 1072, 1079 (9th Cir.2006).

Because we hold that the denial of cancellation was improper based on the IJ's application of an improper standard, we need not reach Ancheta's due process claims.

PETITION GRANTED IN PART. REMANDED.