**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAGHBIR SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 06-74795<br><br>BIA-1: A047-019-789<br><br>MEMORANDUM[*] |

Petition to Review Order of the Board of Immigration Appeals
Argued and Submitted December 10, 2010
San Francisco, California

Before: COWEN,[**] TASHIMA and SILVERMAN, Circuit Judges.

Raghbir Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' (BIA) final order of removal. We have jurisdiction

under 8 U.S.C. § 1252. We review de novo the agency's determination of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

questions of law, except to the extent that deference is owed to its interpretation of the governing statutes and regulations. *See Morales-Garcia v. Holder*, 567 F.3d 1058, 1061 (9th Cir. 2009). We grant the petition for review and remand for further proceedings.

Singh was admitted into the United States as a lawful permanent resident in June 1999. In March 2003, he was convicted in the Superior Court of California of elder abuse in violation of California Penal Code § 368(b)(1).[1] The BIA held that this conviction rendered Singh deportable under Immigration and Nationality Act (INA) § 237(a)(2)(A)(i) because it is for a crime that is categorically a "crime involving moral turpitude." 8 U.S.C. § 1227(a)(2)(A)(i). We disagree. California

---

[1] At the time of Singh's conviction, California Penal Code § 368(b)(1) provided:

> Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any elder or dependent adult, with knowledge that he or she is an elder or a dependent adult, to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any elder or dependent adult, willfully causes or permits the person or health of the elder or dependent adult to be injured, or willfully causes or permits the elder or dependent adult to be placed in a situation in which his or her person or health is endangered, is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed six thousand dollars ($6,000), or by both that fine and imprisonment, or in the state prison for two, three, or four years.

Cal. Penal Code § 368(b)(1) (2002).

Penal Code § 368(b)(1) is divisible into different crimes, some of which involve moral turpitude and some of which do not. We therefore grant the petition for review and remand for the agency to address in the first instance whether Singh's conviction for elder abuse qualifies as a crime involving moral turpitude under the modified categorical approach. *See Carty v. Ashcroft*, 395 F.3d 1081, 1084 (9th Cir. 2005) ("When a statute is divisible into several crimes, some of which may involve moral turpitude and some not, it is appropriate to examine the 'record of conviction' to determine which part applies to the defendant.")

In light of our disposition, we do not reach Singh's remaining arguments.

**PETITION FOR REVIEW GRANTED AND CASE REMANDED CONSISTENT WITH THIS MEMORANDUM.**