FILED

MAR 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAKIM TAKIM AGBOR, | No. 07-72026 |
| Petitioner, | |
| v. | Agency No. A074-608-062 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2011[**]
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

Takim Takim Agbor, a native and citizen of Nigeria, petitions for review of

the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the

Immigration Judge's decision finding him removable as an aggravated felon

pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). We review whether a criminal offense

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutes an aggravated felony de novo. *Martinez-Perez v. Ashcroft*, 417 F.3d 1022, 1025 (9th Cir. 2005). In addition, Agbor argues that he is entitled to deferral of removal under the Convention Against Torture ("CAT") pursuant to 8 C.F.R. § 1208.17. We apply a substantial evidence standard of review to claims under the CAT. *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004). Because the parties are familiar with the facts, we need not recite them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review and hold that Agbor is not entitled to deferral of removal.

I

Agbor pled guilty to one count of manslaughter, in violation of Utah Code § 76-5-205. He argues that the statute is not a crime of violence pursuant to 18 U.S.C. § 16(b).[1]

We first consider whether the criminal offense "is categorically a crime of violence by assessing whether the full range of conduct covered by the statute falls within the meaning of that term." *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009). If the statute of conviction punishes some conduct that would qualify as a crime of violence and some conduct that would not, it does not

---

[1]It is undisputed that the statute does not qualify as crime of violence under 18 U.S.C. § 16(a).

2

categorically constitute a crime of violence. *See id.* The statute here proscribes both reckless and intentional conduct. "Neither recklessness nor gross negligence is a sufficient *mens rea* to establish that a conviction is for a crime of violence." *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006) (en banc). As the "statute's greater breadth is evident from its text," the statute cannot categorically be a crime of violence under § 16. *United States v. Vidal*, 504 F.3d 1072, 1082 (9th Cir. 2007) (en banc) (quotations omitted).

"[T]he modified categorical approach is appropriate when the statute of conviction is divisible into several crimes, some of which fall under the relevant category, and some of which do not." *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1159-60 (9th Cir. 2008) (citing *Carty v. Ashcroft*, 395 F.3d 1081, 1084 (9th Cir. 2005)). The court may consider "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (en banc) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

In this case, the plea agreement indicates that Agbor was convicted of "criminal homicide . . . under circumstances where the actor reasonably believes the circumstances provide a legal justification or excuse for his conduct although

3

the conduct is not legally justifiable or excusable under the existing circumstances." More to the point, the plea agreement includes a statement of the conduct leading to his plea, in which Agbor states that he "shot and killed" another person. Thus, Agbor was convicted under subsection (1)(b) of Utah Code § 76-5-205. Because this subsection addresses conduct involving the intentional use of physical force against another in the course of committing the offense, it thereby constitutes a crime of violence under *Fernandez-Ruiz v. Gonzales*.

II

Agbor also appeals the BIA's affirmance of the IJ's denial of his deferral of removal under the CAT. We have jurisdiction to review Agbor's claim for deferral of removal. *See Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1084 (9th Cir. 2008) (jurisdiction retained to review IJ's deferral of removal under the CAT when decision is on the merits).

Article III of the CAT provides that the United States should not return any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture. *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005). Agbor bears the burden of showing "that it is more likely than not that he . . . would be tortured in [Nigeria]." 8 C.F.R. § 208.17(d)(3).

4

We hold that Agbor has not met his burden and that substantial evidence in the record supports the IJ's determination. The IJ found Agbor credible; however, he described his testimony as "speculative and conjectural," noting that Agbor testified only to what he *believed* to be the current state of affairs in Nigeria. The IJ noted that Agbor's testimony was speculative and without foundation as to why Agbor's mother's role as a student activist in the distant past would lead to his torture upon his return. As to Agbor's fear that his Christian beliefs would lead to torture, the IJ noted that there was no corroboration of his fear in the Department of State's country report, which noted that Christians comprise a majority of the population in some states in Nigeria. As there is nothing in the record that would compel a reasonable fact finder to conclude differently, substantial evidence supports the IJ's determination.

**PETITION DENIED.**